MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 47
Docket:       Pen-17-342
Submitted
  On Briefs:  February 26, 2018
Decided:      April 3, 2018

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

DEUTSCHE BANK NATIONAL TRUST COMPANY

v.

JESSE S. EDDINS JR. et al.

HJELM, J.

[¶1]  Jesse S. Eddins Jr. and Naomi L. Eddins appeal from a judgment of foreclosure entered by the Superior Court (Penobscot County, *Mallonee, J.*) in favor of Deutsche Bank National Trust Company.  The Eddinses argue on appeal that the court abused its discretion by admitting in evidence a copy of the notice of default that contains an assertion that it was sent by mail.  We agree and therefore vacate the judgment and remand for entry of judgment for the Eddinses.

## I.  BACKGROUND

[¶2]   The following facts are either undisputed or taken from the judgment, viewed in the light most favorable to Deutsche Bank.  *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 2, 122 A.3d 947.

[¶3] On November 9, 2005, Francine Eddins and Jesse S. Eddins, Jr. executed a promissory note in favor of Argent Mortgage Company, LLC, in the principal amount of $78,200. To secure payment on the note, Francine and Jesse executed a mortgage on residential property located in Mount Chase. Argent later assigned the note to Deutsche Bank as trustee. Francine died in 2009. The following January, Jesse executed a quitclaim deed to the encumbered property to himself and his daughter, Naomi L. Eddins. Later in 2010, Jesse agreed to a modification of the note, increasing the amount owed to approximately $89,000.

[¶4] On August 10, 2015, Deutsche Bank filed a complaint for foreclosure in the District Court (Lincoln), naming Jesse as the defendant and Naomi as a party in interest and alleging that Jesse had defaulted by failing to make payments on the note beginning April 1, 2014. The Eddinses filed an answer that included several affirmative defenses, including an assertion that the Bank failed to comply with the notice provisions of 14 M.R.S. § 6111 (2017).[1] The Eddinses also filed a notice of removal to the Superior Court (Penobscot County). *See* M.R. Civ. P. 76C.

---

[1] The Eddinses also filed a counterclaim against the Bank. The counterclaim is not relevant to this appeal and, in any event, has been dismissed, leaving only the foreclosure claim.

[¶5]   After considerable—and contentious—pretrial proceedings, in April of 2017 the court (*Mallonee, J.*) conducted a bench trial.  Deutsche Bank's only witness was Blaine Shadle, a senior loan analyst for Ocwen Loan Servicing, the company responsible for servicing the Eddinses' mortgage on behalf of Deutsche Bank.

[¶6]  Shadle testified that he became employed by Ocwen in February of 2013 and has held a variety of positions there, including working as a phone agent in "customer care," a member of the "coach line" where he assisted other agents with questions during phone calls with customers, a supervisor in various departments, and a member of the "email live chat team."  In his current position as a senior loan analyst, he reviews "mortgage accounts, records in [Ocwen's] system, also documents, usually the collateral file, like originating document[s] such as the note, the mortgage, things like that."  Shadle testified that in preparation for trial, he reviewed Deutsche Bank's trial exhibits and related documents, which he stated are kept in the "normal course of business with the [B]ank[,] . . . made near or at the time of the event described[,] . . . [and] maintained on a regular and permanent basis" to ensure accuracy.

[¶7]  Shadle identified Deutsche Bank's Exhibit E, which is a notice of default and right to cure purportedly sent in May of 2015 to Jesse at two

4

addresses and which states, among other things, that there was an amount overdue on the note. The notice was printed on the letterhead of Shechtman Halperin Savage, which is the law firm that represents Ocwen in this action, and bears the signature of an attorney with the firm. Two sets of unidentified numbers are on the notice,[2] as well as a statement at the end of the notice indicating that it was "sent via certified mail/rrr and regular mail." Shadle testified that he had no "personal knowledge as to who mailed [the notice of default]," and when asked whether he had proof that the notice was mailed, he stated, "Not with me." During his testimony, Shadle did not describe any familiarity with any process used by the law firm to create or maintain records. When the Bank offered Exhibit E into evidence, the Eddinses objected, arguing that Shadle lacked personal knowledge about the law firm's processes relating to its documents. The court summarily overruled the objection and admitted the document in evidence.

[¶8] At the close of the evidence, the court stated that it would enter judgment for the Bank, and it did so by written judgment later that day. After the court denied the Eddinses' motion for further findings and conclusions, *see*

---

[2] In its brief on appeal, Deutsche Bank states that those numbers represent certified mail tracking numbers, but there is nothing in the record to substantiate that statement.

M.R. Civ. P. 52(b), they filed a timely notice of appeal. *See* 14 M.R.S. § 1851 (2017); M.R. App. P. 2(b)(3) (Tower 2016).[3]

## II. DISCUSSION

[¶9] To obtain a judgment of foreclosure, the Bank was required to prove—among other things—that it had provided Jesse with proper notice of default and right to cure.[4] *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. Here, Exhibit E was Deutsche Bank's only evidence that it had sent a proper notice of default to Jesse. Over the Eddinses' objection, the court admitted that document in evidence as a business record based on Shadle's foundational testimony. The Eddinses argue here that the admission of the document was error.

[¶10] When the admissibility of business records is at issue on appeal, we review the court's foundational findings for clear error and its ultimate

---

[3] The restyled Maine Rules of Appellate Procedure do not apply because this appeal was filed prior to September 1, 2017. *See* M.R. App. P. 1 (restyled Rules).

[4] This basic requirement of proof is applicable here irrespective of whether this action is governed by the requirements of 14 M.R.S. § 6111 (2017), which is an issue disputed by the parties because of evidence that Jesse was not occupying the mortgaged premises as his primary residence. *See id.* § 6111(1); *Bordetsky v. JAK Realty Trust*, 2017 ME 42, ¶ 7, 157 A.3d 233. If section 6111 does apply, as the Eddinses contend, then the Bank was required to satisfy the statutory requirements governing such notice. *See* 14 M.R.S. §§ 6111, 6321 (2017); *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. Alternatively, if, as the Bank argues, section 6111 is inapplicable, then the mortgage instrument itself nonetheless required the Bank to send Jesse a notice of default and right to cure with certain information contained in that notice. Therefore, either way, the Bank was required to prove that it had sent Jesse a notice of default and that the notice contained certain information.

6

determination of admissibility for an abuse of discretion. *See Bank of Am., N.A. v. Barr*, 2010 ME 124, ¶ 17, 9 A.3d 816; *see also JPMorgan Chase Bank, N.A. v. Lowell*, 2017 ME 32, ¶ 8, 156 A.3d 727. When "making foundational findings, the court may only consider evidence established prior to the exhibit's admission in evidence." *Gregor*, 2015 ME 108, ¶ 14 n.11, 122 A.3d 947.

[¶11] A document that is supported by the foundational standards prescribed in Maine Rule of Evidence 803(6) is admissible as an exception to the general rule precluding admission of hearsay evidence.[5] The witness who testifies to the predicate for the admission of a business record need not have personal knowledge about the matter that is memorialized in the document,

---

[5] Maine Rule of Evidence 803(6) provides in full:

**(6) Records of a regularly conducted activity.** A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness,] if:

(A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) Making the record was a regular practice of that activity;

(D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and

(E) Neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

because the foundational elements of a Rule 803(6) business record, by themselves, provide sufficient indication that the information contained in the record is reliable and trustworthy. *See* M.R. Evid. 803(6); *Lowell*, 2017 ME 32, ¶ 11, 156 A.3d 727; *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 12, 25 A.3d 96. Pursuant to the Rule, and as we have stated, however, to demonstrate the record's reliability and trustworthiness, the proponent of the document must present evidence that the qualifying witness is either the custodian of the record or some other person with sufficient knowledge of the processes used by the creator of the record to produce and retain the record. *See* M.R. Evid. 803(6); *Lowell*, 2017 ME 32, ¶¶ 9, 11, 156 A.3d 727; *Carter*, 2011 ME 77, ¶ 12, 25 A.3d 96. "A qualified witness is one who was intimately involved in the daily operation of the [business] and whose testimony showed the firsthand nature of his knowledge." *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815 (alteration in original) (quotation marks omitted).

[¶12] The witness who provides foundational testimony need not be an employee of the entity that created and maintained the document at issue *if*, for purposes of Rule 803(6), that witness has adequate knowledge of the processes used by the entity that created and preserved the document. *See Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96; *see also KeyBank Nat'l Ass'n v. Estate of Quint*,

2017 ME 237, ¶ 15, 176 A.3d 717.  Consequently, when a document is created by one entity and then transmitted to another, and the document is then offered as a business record pursuant to Rule 803(6), the witness must be shown to have "sufficient knowledge of *both* businesses' regular practices to demonstrate the reliability and trustworthiness of the information."  *Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96 (emphasis added); *see also Estate of Quint*, 2017 ME 237, ¶¶ 16-17, 176 A.3d 717.  The incorporation of one entity's record into the records of the receiving entity is not a sufficient basis, by itself, for the admissibility of that record.

[¶13]  Here, Deutsche Bank presented Shadle as the witness to provide the foundational predicate for admission in evidence of the notice of default.  Shadle testified about various positions he held with Ocwen and described some measure of familiarity with Ocwen's business practices.  The notice of default, however, was not issued by Ocwen.  Rather, the notice was issued and at least initially maintained by the law firm representing Ocwen.  Deutsche Bank did not present *any* evidence that Shadle had *any* familiarity with the processes used by the law firm to generate documents, such as a notice of default, and to maintain any such documents.

[¶14]  In the absence of any evidence that Shadle had knowledge of the law firm's practices regarding business records, the court abused its discretion by admitting the document in evidence.  *See Carter*, 2011 ME 77, ¶¶ 12-14, 25 A.3d 96; *Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815.  Because Deutsche Bank presented no competent evidence that a notice of default was sent to Jesse or that any such notice met the requirements of either section 6111 or the mortgage instrument itself, the Bank failed as a matter of law to prove a necessary element of its foreclosure claim, *see Greenleaf*, 2014 ME 89, ¶ 18, 96  A.3d 700, and the Eddinses are therefore entitled to judgment.[6]  *See Lowell*, 2017 ME 32, ¶¶ 1, 21, 156 A.3d 727 (stating that when a mortgagee fails at trial to prove a required element of a foreclosure claim, the mortgagor is entitled to judgment); *CitiMortgage, Inc. v. Chartier*, 2015 ME 17, ¶¶ 1, 10, 111 A.3d 39 (same).

The entry is:

> Judgment vacated.  Remanded for entry of judgment for Jesse S. Eddins Jr. and Naomi L. Eddins.

---

[6] Because Deutsche Bank's failure of proof on the notice of default and right to cure is dispositive of the outcome of this appeal, we need not and do not reach the Eddinses' argument that the court also erred by admitting in evidence a different document, which purported to show the amount due on the secured loan.

Thomas A. Cox, Esq., Portland, for appellants Jesse S. Eddings and Naomi L. Eddins

Brett L. Messinger, Esq., Andrea T. Holbrook, Esq., and David C. West, Esq., Portland, for appellee Deutsche Bank National Trust Company

Lincoln District Court docket number RE-2015-12
FOR CLERK REFERENCE ONLY