MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 27
Docket:      Wal-18-197
Submitted
  On Briefs:  November 28, 2018
Decided:     February 21, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

JACOB BERRY

v.

MAINESTREAM FINANCE

HJELM, J.

[¶1]  This case involves the fate of a race car that may—or may not—be the one called "Outlaw."  Jacob Berry appeals from a summary judgment entered in the District Court (Belfast, *Worth, J.*) in favor of MaineStream Finance on Berry's complaint seeking the return of a 2016 Chevrolet Camaro.  The court based the judgment on the implicit conclusion that Berry's claim is barred by the res judicata effect of a judgment in a 2016 action between MaineStream and Berry's uncle, Dwight M. Moody, Jr., in which the court determined that Outlaw was owned by Moody and not Berry.  Because, however, the summary judgment record does not establish that Outlaw is the same vehicle as the one that is at issue here, we vacate the judgment.

## I. BACKGROUND

[¶2] The following facts are taken from MaineStream's statement of material facts, which we view in the light most favorable to Berry as the nonprevailing party and which, in any event, are undisputed because Berry admitted each of MaineStream's factual statements and presented none of his own. *See* M.R. Civ. P. 56(h); *Avis Rent a Car Sys., LLC v. Burrill*, 2018 ME 81, ¶ 2, 187 A.3d 583.

[¶3] In 2016, MaineStream filed an action against Moody to repossess two race cars that Moody had pledged as collateral in a security agreement.[1] Prior to the hearing on the complaint, MaineStream seized one of the race cars—"Outlaw"—from Moody's property. At the hearing, Moody disputed MaineStream's claim that it was entitled to repossess Outlaw because, Moody contended, it was not one of the two vehicles pledged in the security agreement and because the car was actually owned by Berry. Berry was not a party to the action but testified at the hearing that he owned the car in MaineStream's possession and that it never belonged to Moody. After hearing the evidence,

---

[1] MaineStream also named another person as a co-defendant in that case, but the co-defendant was never served with process, and the action proceeded against Moody alone based on the understanding that Moody had sole possession of the race cars in which MaineStream claimed a security interest.

the court found that Moody was the owner of Outlaw and entered a final judgment. MaineStream's Rule 56(h) submission filed in this case does not contain any assertion that identifies the party for whom judgment was entered or the nature of any relief granted, and the record on summary judgment does not provide any identifying or descriptive information about Outlaw other than its name.

[¶4] In March of 2017, Berry brought the present action against MaineStream to recover personal property. *See* 14 M.R.S. § 7071(1) (2018). In his complaint, Berry alleged that MaineStream, in attempting to enforce its security agreement with Moody, had seized a 2016 Chevrolet Camaro that Berry owns but that the seizure was wrongful because MaineStream "misidentified [Berry's] vehicle and took possession of his vehicle in error." Berry went on to allege that the two vehicles in which Moody granted MaineStream a security interest were 2012 and 2013 Chevrolet Impalas.

[¶5] In January of 2018, MaineStream filed a motion for summary judgment based on an assertion that, in the 2016 action, the court determined that Moody owns the car and that, pursuant to the doctrine of res judicata, Berry is barred from seeking relief here. The court granted MaineStream's motion in a very brief order that stated only that the motion was granted and

4

that judgment was entered against Berry. Berry filed a timely appeal to us. *See* 14 M.R.S. § 1901 (2018); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶6]  We review a grant of summary judgment de novo "and consider both the evidence and any reasonable inferences that the evidence produces in the light most favorable to the party against whom the summary judgment has been granted." *Canney v. Strathglass Holdings, LLC*, 2017 ME 64, ¶ 10, 159 A.3d 330 (quotation marks omitted). Summary judgment is appropriate only "when the parties' statements of material facts and the portions of the record referred to therein disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Id.*; *see* M.R. Civ. P. 56(c).

[¶7] As a central tenet of summary judgment motion practice, "[f]acts not set forth in the statement of material facts are not in the summary judgment record, even if the fact in question can be gleaned from affidavits or other documents attached to, and even referred to in portions of, a statement of material fact." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 22, 28 A.3d 1158 (alteration and quotation marks omitted).

[¶8]  MaineStream's summary judgment motion is predicated on the two aspects of the doctrine of res judicata. The first is collateral estoppel, or issue

preclusion, which is the fact-focused branch of res judicata that "prevents the relitigation of issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Town of Mount Vernon v. Landherr*, 2018 ME 105, ¶ 15, 190 A.3d 249 (quotation marks omitted).  Based on this doctrine, MaineStream asserts that the 2016 judgment collaterally estops Berry from asserting an essential element of his cause of action, namely, that he has an ownership interest in the vehicle that he claims MaineStream wrongfully repossessed.  *See* 14 M.R.S. § 7071(1).  MaineStream also asserts that Berry's action is barred by the other aspect of res judicata—claim preclusion.  Claim preclusion forecloses relitigation of claims only when "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action."  *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 20, 175 A.3d 103 (quotation marks omitted).  MaineStream contends that the present action is barred because MaineStream's claim in the 2016 proceeding encompassed the question of who owned the race car that Berry seeks to recover here.

6

[¶9]  Although the parties have focused their presentations on whether the judgment operates to bind Berry even though he was not a party to the 2016 proceeding,[2] the judgment entered in that case does not bar his claim for a simpler reason—the record on summary judgment does not establish that in the 2016 matter the court determined the ownership of the vehicle Berry now claims to own or that ownership of that vehicle was even at issue then.

[¶10]  To be entitled to a summary judgment that is predicated on the principle of collateral estoppel, MaineStream must indisputably establish, among other things, that the vehicle Berry now claims to own is the same vehicle that, in 2016, the court determined was owned not by Berry, but by Moody.  To be entitled to summary judgment predicated on the other form of res judicata—claim preclusion—MaineStream must indisputably establish, among other things, that the ownership of the 2016 Camaro that Berry claims to own in this case was a matter that was or could have been litigated in the 2016 proceeding.

---

[2]  MaineStream contends that the 2016 judgment bars Berry from pursuing the claim here either because he and Moody were in privity during the 2016 proceeding or because Berry could have become a party by seeking to intervene on the basis that his ownership claim was in the balance.  We do not reach these contentions because, on this record, MaineStream's assertion of res judicata fails for the separate reason addressed in the text.

[¶11]  MaineStream's statement of material facts falls well short of establishing that the car Berry claims here is either Outlaw or one of the vehicles that MaineStream sought to repossess in the 2016 action. MaineStream's statement of material facts describes the vehicle whose ownership was adjudicated in the 2016 case only as "Outlaw," and the vehicle that Berry seeks to recover from MaineStream in this action only as a "2016 Chevrolet Camaro."[3]  Nothing in this record establishes that the 2016 Camaro at issue here is Outlaw.[4]  Further, MaineStream's statement of material facts does not establish that the 2016 Camaro is one of the vehicles in which MaineStream had a security interest and thereby sought to repossess in the 2016 case.

[¶12]  Because MaineStream has not established through its summary judgment submissions that Berry's claim of ownership of the 2016 Camaro was

---

[3] Berry's complaint describes the car in the same way.

[4] Even if we were to delve into the judgment that is referenced—but not described—in the statement of material facts, MaineStream would not benefit because the judgment grants MaineStream the right to possession of a 2012 and a 2013 Chevrolet Impala, not a 2016 Camaro. Further, although MaineStream also referenced the transcript of the hearing in the 2016 case, only scattered portions of that transcript were submitted in support of the summary judgment motion, and those portions of the transcript, particularly in light of the nature of the presentations at the hearing, cannot be confidently read to support the conclusion that Outlaw is the subject of this action.

or might have been adjudicated in the 2016 proceeding, we vacate the summary judgment and remand for the case to proceed to trial.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

Aaron Fethke, Esq., Fethke Law Offices, Searsport, for appellant Jacob Berry

Ryan P. Dumais, Esq., Eaton Peabody, Brunswick, for appellee MaineStream Finance

Belfast District Court docket number SA-2017-30
FOR CLERK REFERENCE ONLY