STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-72

JAMIE PACHECO,

Plaintiff

v.

LIBBY, O'BRIEN, KINGSLEY AND
CHAMPION LLC, and GENE LIBBY,
ESQ.,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

On July 6, 2021, Plaintiff Jamie Pacheco ("Ms. Pacheco") filed her complaint against

defendants Libby, O'Brien, Kingsley and Champion LLC and Gene Libby, Esq. asserting claims

of abuse of process, intentional infliction of emotional distress, and negligent infliction of

emotional distress. Defendants timely answered. On September 9, 2021 Defendants filed the

pending motion to dismiss Ms. Pacheco's complaint pursuant to M.R. Civ. P. 12(b)(6), asserting

Ms. Pacheco' claims are barred by res judicata, and that the negligence claim fails because the

Defendants do not owe Ms. Pacheco a duty. On September 28, 2021, Ms. Pacheco filed her

opposition to the motion, and the Defendants filed their reply on October 14, 2021.[1] For the

following reasons, the motion will be granted.

Background

Libby, O'Brien, Kingsley and Champion LLC is a law firm with its principal place of

business in Kennebunk, Maine. (Compl. ¶ 2.) Gene Libby, Esq. is a managing partner and

principal of Libby, O'Brien, Kingsley and Champion LLC. (Compl. ¶¶ 3, 5.) Defendants have a

---

[1] Ms. Pacheco did not oppose Defendants' assertion that the negligence claim fails because they do not owe her a duty of care.

1

client named Kevin Pacheco. (Compl. ¶ 7.) Kevin Pacheco married Jamie Pacheco on September 3, 2005. (Compl. ¶ 8.) On February 19, 2015, Ms. Pacheco filed for protective orders and divorce against Mr. Pacheco. (Compl. ¶ 9.) Ms. Pacheco alleges that defendants misused and abused the discovery process during their representation of Mr. Pacheco in the divorce proceedings to obtain confidential and protected mental health medical records and disclosed those records to Mr. Pacheco. (Compl. ¶¶ 11-12, 17.)

In the pending complaint, Ms. Pacheco alleges three counts: (1) Abuse of Process, (2) Intentional Infliction of Emotional Distress, and (3) Negligent Infliction of Emotional Distress. (Compl. ¶¶ 14-40.) All three of these counts are based on the allegation that defendants wrongfully used the discovery process during their representation of Mr. Pacheco to obtain confidential mental health medical records and subsequently disclosed them to Mr. Pacheco. More specifically, Ms. Pacheco alleges "Defendants mis-used and abused lawful process to obtain and in fact did obtain, confidential and protected mental health records...", " ...wrongfully acquired and disseminated confidential mental health records..", and "..mis-used and abused a subpoena, and wrongfully obtained confidential and protected mental health records..". (Compl. 11, 12, 17) Ms. Pacheco alleges that this conduct caused her severe emotional distress. (Compl. ¶¶ 19, 22-40.)

The Lewiston District Court addressed similar allegations during the divorce proceedings that gave rise to the present case. In that case, *Jamie D. Pacheco v. Kevin Pacheco*, LEWDC-FM-15-666, Ms. Pacheco filed a motion for a mistrial premised on alleged abuses of the discovery process, specifically the acquisition of Ms. Pacheco's medical records. (Order on Plaintiff's Motion for Recusal Dated November 5, 2018 and Motion for Mistrial Dated November 30, 2018). The District Court found that Ms. Pacheco's counsel had voluntarily

2

provided what he believed to be a full set of Ms. Pacheco's counseling records with Sandra Falsey. (Order at p.4, ¶2, 4, 5; p.5, ¶ 9.) These documents were provided voluntarily, and without formal discovery. (*Id.*)

Defendants later acquired additional counseling records from Ms. Falsey regarding Ms. Pacheco's treatment by subpoena. (Order at p. 4, ¶ 4) Defendants did not provide a copy of this subpoena to Ms. Pacheco's attorney. (*Id.*) The District Court found that despite failing to provide a copy of the subpoena through inadvertence, no discovery violation had occurred. (Order at pp.5-6, ¶¶ 9-11). The District Court found that there was no surprise, as they were Ms. Pacheco's own records, from a therapist who was on the defense's witness list, and Ms. Pacheco's attorney had already voluntarily provided what he represented were a full copy of the same records. (*Id.*) Further, while M.R. Evid. 503 would normally render communications with a licensed therapist made for the purposes of diagnosis or treatment privileged, Ms. Pacheco's counsel voluntarily disclosed what he represented was a full set of the counseling notes with Ms. Falsey. (*Id.* at ¶ 9.) The District Court held that this voluntary disclosure waived any privilege to any counseling notes excluded from that disclosure. (*Id.* at ¶¶ 9-11). Thus, the District Court ruled that no discovery violation had occurred and denied the motion for a mistrial.

The defendants now move to dismiss Ms. Pacheco's complaint on the grounds that her claims are barred by *res judicata*. Defendants claim that the findings in the District Court order denying Ms. Pacheco's motion for a mistrial during the divorce proceedings bar her tort claims here.

Standard

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v.*

3

*Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

Discussion

Defendants argue that Ms. Pacheco's claims are barred by *res judicata*. "The doctrine of *res judicata* is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once." *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131. *Res judicata* has two prongs, issue preclusion, sometimes called collateral estoppel, and claim preclusion. *Id.* The Law Court defines these prongs:

> Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

*Id.* Defendants argue that Ms. Pacheco's claims are barred by both prongs. Ms. Pacheco argues that the District Court did not rule on any of the issues related to the claims she presents here, and that divorce proceedings are too distinct from tort claims for the divorce proceeding to have preclusive effect.

Claim Preclusion

Claim preclusion bars relitigation if "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters

4

presented for decision in the second action were, or might have been litigated in the first action." *Berry v. Mainstream Fin.*, 2019 ME 27, ¶ 8, 202 A.3d 1195 (quotation omitted); *Macomber*, 2003 ME 121, ¶ 22, 834 A.2d 131. The third element is subject to a transactional test, where the court "examines the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Pushard v. Bank of America*, 2017 ME 230, ¶ 21, 175 A.3d 103 (quotation omitted).

The first and second elements of claim preclusion are clearly present here, which neither party contests. However, Ms. Pacheco argues that the divorce judgment cannot preclude her tort claims because divorce actions are fundamentally distinct from tort actions. The court agrees.

The Law Court has held that civil actions in tort are fundamentally distinct from divorce proceedings, which Ms. Pacheco correctly points out. *See Henriksen v. Cameron*, 622 A.2d 1135, 1141 (Me. 1993). Maine's divorce law does not permit the divorce court to consider tort claims. *Id.* An action for divorce for cruel and abusive treatment based on conduct which may give rise to a separate action in tort does not bar a subsequent tort action based on the same conduct. *Id.* Thus, even if the conduct at issue in this case were the basis for the divorce, Ms. Pacheco's tort claims would not be precluded by the claim preclusion prong of *res judicata*.

Defendants argue that this claim was already litigated by Ms. Pacheco's motion for a mistrial during the divorce proceedings. Defendants focus on the fact that the arguments Ms. Pacheco made regarding the misuse and abuse of a subpoena are very similar to the factual allegations in the complaint. However, a motion for a mistrial based on alleged discovery violations is not a tort claim. As *Henriksen* makes clear, even if Ms. Pacheco had wished to allege tort claims based on defendants' conduct during discovery during the divorce proceedings

5

she would not have been able to do so. This is especially true where the alleged wrongful conduct occurred during the divorce proceedings themselves and not as part of the conduct the divorce claim was based on.

The claim preclusion prong of *res judicata* does not bar Ms. Pacheco's claims.

Issue Preclusion

Issue preclusion, sometimes called collateral estoppel, "is the fact-focused branch of res judicata that prevents the relitigation of issues already decided if the identical issue was determined by a prior final judgement, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Berry*, 2019 ME 27, ¶ 8, 202 A.3d 1195 (quotation omitted). "A party has a fair opportunity to litigate an issue if that party either controls the litigation, substantially participates in that litigation, or could have participated in the litigation had they chosen to do so." *State v. Williams*, 2020 ME 17, ¶ 16, 225 A.3d 751 (quotation omitted).

Defendants argue that the district court order denying Ms. Pacheco's motion for a mistrial has collateral estoppel effect on the factual issue concerning whether Ms. Pacheco had any privilege in the documents at issue in this case. Ms Pacheco claims that the District Court declined to rule on any of the factual allegations in her complaint.

The divorce court need not, and cannot, decide the tort liability that may arise from Ms. Pacheco's allegations, but that is not does not mean collateral estoppel cannot apply to factual issues decided by the divorce court. The relevant question is whether the District Court decided any factual issues that Ms. Pacheco had a fair opportunity to litigate. The answer is clearly yes. The District Court explicitly found that Ms. Pacheco waived all privilege to the documents at issue in this case. (Order at p 6.) To quote the referee's report adopted by the District Court:

6

"Plaintiff's privilege regarding her communications with her therapist have been waived by Plaintiff due to her voluntary disclosure of what was represented as the entire file already." (Order at p. 6, ¶ 9.)

The District Court declined to rule on whether use of an unredacted copy of counseling notes that were allegedly redacted prior to their voluntary disclosure was wrongful, as Mr. Pacheco never attempted to use them in the divorce proceeding. (*Id.* at p. 6.) Ms. Pacheco argues that this is the issue relevant to this case, and thus her claim is not barred by collateral estoppel. This contradicts the allegations in her complaint, which specifically allege that the defendants "misused and abused lawful process..", and "mis-used and abused a subpoena, and wrongfully obtained confidential and protected mental health medical records concerning Jamie." (Compl. ¶¶ 11, 17.) The referee's report explicitly found that Ms. Pacheco had already waived any privilege to the mental health medical records defendants obtained with the subpoena. (Order at pp. 5-6.) Ms. Pacheco controlled the litigation on the motion before the District Court, as it was her motion and there were only two parties, so she clearly had a fair opportunity to litigate the issue. *See Williams*, 2020 ME 17, ¶ 16, 225 A.3d 751. Therefore, the District Court has already entered a final judgment with collateral estoppel effect on the factual issue of whether defendants "mis-used or abused a subpoena."[2]

The court can find nothing in the complaint that supports Ms. Pacheco's assertion that the wrongful conduct alleged was the acquisition of an "unredacted" versus "redacted" copy of mental health documents. The complaint is quite clear that the issue is the alleged wrongful use

---

[2] Ms. Pacheco asserts that the referee's report found that she had a "legitimate objection" to defendants' use of the subpoena and merely found that this objection was not sufficient grounds for a mistrial. This is not true. The referee found, in the part Ms. Pacheco is presumably referring to, that "[t]here is *no* legitimate objection, other than failure to be copied on the subpoena, to the production of Plaintiff's therapeutic records when Plaintiff has already testified as to the nature and timeframe of such treatment." (Order at 6 [emphasis added].) Ms. Pacheco has not raised the fact that defendants failed to copy her attorney on the subpoena here.

7

of a subpoena to acquire mental health records, which the District Court ruled were no longer privileged due to her previous voluntary disclosure of what was represented as the entire file or full set of such documents. (See Compl. At p. 4, ¶4; p. 5, ¶9) Ms. Pacheco is collaterally estopped from relitigating the factual issue of the propriety of the subpoena, so her claims are barred by *res judicata* and the court must dismiss her claim.

The entry is

Defendants Libby, O'Brien, Kingsley and Champion LLC and Gene Libby, Esq.'s Motion to Dismiss is GRANTED.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _____, 2022

_____
Harold Stewart, II
Justice, Superior Court

8