STATE OF MAINE                                    MAINE SUPERIOR COURT
AROOSTOOK, SS.                                       LOCATION: CARIBOU
                                                          CIVIL ACTION
                                           DOCKET NO: CARSC-RE-17-40


BANK OF AMERICA

                    Plaintiff

                                                    DETAILED
                                                    FINDINGS, DECISION
                                                    AND ORDER
                                                    REGARDING
                                                    PLAINTIFF'S COMPLAINT
                                                    FOR FORECLOSURE


            VS.

GARRETT BELANGER
                    Defendant


                    TITLE TO REAL ESTATE IS INVOLVED
                    170 Limestone Street, Caribou, Maine
                    Mortgage recorded at SDARD Bk. 4569, pg.229


On or about June 20, 2017, Bank of America, N.A. (hereafter Bank) filed a civil complaint

against Garrett Belanger (hereafter Defendant) seeking foreclosure of mortgage pursuant to 14

M.R.S. §6322 regarding property at 170 Limestone Street, Caribou, Maine. Defendant timely

filed an answer to the complaint. Mediation was held on October 25, 2017 but the matter was

unresolved. Trial on the matter was held September 4, 2018.


At trial the Bank proffered Karen Scott as its witness qualified to testify about the business

records of the various entities involved. M.R.Evid.803(6); *Beneficial Maine v. Carter,* 2011 ME

1

77, *Key Bank Nat'l Ass'n v. Estate of Quint,* 2017 ME 237. At trial the Bank offered the following exhibits which were admitted[1]:

A. Copy of Promissory Note dated April 29, 2008 from Defendant to Lender, KeyBank, N.A.;

B. Copy of Mortgage dated April 29, 2008 from Defendant to KeyBank N.A. regarding property at 170 Limestone Street, Caribou, Maine and recorded at SDARD Bk. 4569, p. 229;

C. Copy of Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A. recorded at SDARD Bk. 4985, p. 164 and copy of Quitclaim Assignment from KeyBank National Association to Bank of America, N.A. recorded at SDARD Bk. 5529, p. 124;

D. Loan Modification Agreement between Bank and Defendant effective December, 2014;

E. Notice of Right to Cure Default Letter dated May 5, 2017;

F. Affidavit Calculation, with Payment History;

G. Federal Affidavit;

H. Affidavit Concerning Attorney Fees; and

I. Proof of Service.


In addition, at trial the Defendant testified. All of Bank's offered exhibits, Exhibits A through I, were admitted, but the court did grant Defendant leave to file written objections to the submission of the Notice of Right to Cure, Ex. E, and the admission of the Quitclaim Assignment, Ex. C.

At the conclusion of the proceedings the evidence was closed and the Court set a briefing schedule for parties' counsel to submit written arguments regarding Defendant's objections to

---

[1] The Bank provided both redacted and unredacted copies of the exhibits.

the Notice of Right to Cure and Quitclaim Assignment . But neither party submitted written arguments and specifically, Defendant failed to submit written objections to the admission of the exhibits.

The Court does find that Ms. Scott is a witness qualified to testify to the business records. Per the evidence, the Court finds that the loan was serviced from its inception until 2016 by the Bank, which is after default. After default, servicing was assumed by PennyMac to initiate foreclosure proceedings. Ms. Scott is found to be familiar and knowledgeable about the business records of both the Bank and PennyMac, and that the business records of both entities are maintained in the regular course of business and by someone with personal knowledge. See *Key Bank Nat'l Ass'n v. Estate of Quint*, 2017 ME 237. Accordingly, Exhibits A through I are admitted.

DISCUSSION

For a judgment of foreclosure to be granted, there are eight required elements:

• the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

• properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;

• a breach of condition in the mortgage;

3

• the amount due on the mortgage note, including any reasonable attorney fees and court costs;

• the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

• evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

• after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

• if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Chase Home Finance LLC v. Higgins,* 2009 ME 136, ¶11.

1.Ownership and Existence of Note and Mortgage

In this case, the Bank has properly presented proof of its actual possession and ownership of the promissory note, and the existence of a mortgage. And the mortgage to KeyBank was properly assigned to Bank of America N.A. by the combination of the Assignment from MERS and Quitclaim Assignment from KeyBank. (See Exhibits A, B and C; *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, ¶21). The Bank is in actual possession of the original promissory note to KeyBank, N.A. And this is a note and mortgage that has been serviced by the Bank since its inception until 2016 when servicing only was assumed by Penny Mac to initiate the foreclosure proceedings.

4

2.Breach

The evidence and payment history establish that Defendant became significantly behind in his payments beginning in 2012. (Ex. F). In December 2014 the Bank allowed Defendant to enter a Loan Modification Agreement. (Ex. D). But no payments were made after December, 2014. The Bank has proven Defendant breached a condition of the mortgage.

3.Amount Due

Never making any payments after entering the Loan Modification Agreement, the Defendant is in default and owes as of the December 1, 2014 Payment. (Ex. F). Ms. Scott provided testimony establishing the foundation and trustworthiness of Exhibit F. The amounts listed in Exhibit F are found to be reliable, to wit:

Principal- $53,582.65;

Interest- $9,181.45;

Late Charges- $267.64;

Escrow- $6,153.39;

Property Inspections-$318.00;

Property Valuations-$390.00

TOTAL- $69,625.49

In addition, the Affidavit Concerning Attorney's Fees indicates the Bank has incurred $5270.00 in fees and $715.44 in disbursements, which amounts are supported by the itemization in the affidavit. See *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 27. The court finds that the Bank has proven by a preponderance of the evidence that the total amount due on the mortgage is $75,610.93.

4. Order of Priority and Amount Due Other Parties- NA

5. Notice of Default

At trial the Bank introduced the Notice of Right to Cure prepared Bendett & McHugh, as counsel for the Bank, dated May 5, 2017 and mailed to the Defendant. (Ex. E). The notice was sent with a certificate of mailing to the Defendant, at his address at 170 Limestone Street, Caribou, Maine. Ms. Scott provided testimony regarding the issuance and service of the notice, explaining that although the document was prepared by Bank's counsel, she was familiar with the document as it was prepared using data the Bank provided, and the document was reviewed, edited and approved by bank personnel before the letter was mailed by counsel. See *Deutsche Bank National Trust Company v. Eddins*, 2018 ME 47.

Upon reviewing the Notice of Right to Cure (Exhibit I), the Court finds the content of the notice complies with 14 M.R.S. § 6111. The Notice provides the 35 day notice required by sub-section 1, it contains the information required under section 1-A, and it was issued in the manner required by sub-section 3(B), by first class mail with a certificate of mailing. 14 M.R.S. §6111(1), (1-A), (3).

6

Defendant objected at trial that the 35 day notice requirement was not in compliance with §6111, but failed to identify how the notice was defective. There being no guidance from the Defendant, per the Court's independent review of the notice it does fine it complies with §6111.

6.Mediation

The requirement of mediation was satisfied in accordance with 14 M.R.S. §6321-A(9) per the Mediator's Report dated October 25, 2017.

7. Military Service

The Defendant appeared for trial.

The Court therefore finds that the Bank has established by a preponderance of the evidence that it is entitled to Judgment of Foreclosure and Sale. Judgement of Foreclosure and Sale shall be issued pursuant to the proposed judgment provided by Plaintiff, and that these findings, decision and order shall be incorporated therein. Pursuant to Rule 79(a) this order shall be incorporated by reference in the Civil Docket.

Dated: October 22, 2018

Justice, Superior Court

ENTERED ON THE DOCKET 10/22/18

7