Mcv

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-116

BANK OF NEW YORK MELLON,

Plaintiff

v.

ORDER

MICHAEL BUCK, et al.,

Defendants

On October 22, 2020 the Law Court issued an opinion remanding this case for the court to decide whether the Bank's notices of default and certificate of mailing meet the integration, verification, and reliance criteria set forth in the opinion for admission as a business record. *Bank of New York Mellon v. Shone*, 2020 ME 122 ¶ 30.

Since then the court has not heard from counsel for the parties. It has not independently addressed the issue presented on remand because it has been fully occupied with the effect of the pandemic on the criminal docket and because the resumption of civil trials in Cumberland has, at this point, been indefinitely delayed. There have also been various stays in effect with respect to foreclosure cases during the pandemic, and the court does not know whether this case is subject to any of those stays.

In reviewing the file, however, the court notes that the remand directed the court determine whether the Bank's notices of default and certificate of mailing meet the integration, verification, and reliance criteria "based on the current record." *Id.* The court has now located both Exhibit D – the disputed exhibit offered at October 10, 2018 hearing – and a transcript of that hearing. It therefore invites the parties (1) to advise the court by May 10, 2021 whether this case is subject to any stay or moratorium resulting from the pandemic and (2) if not, to set forth by May 21, 2021

their respective positions as to whether Exhibit D meets the necessary integration, verification, and reliance criteria based on the current record.

The court recognizes that if the court finds that Exhibit D is admissible, there may be some delay before it can reconvene the trial, even on Zoom, to proceed with the remainder of the foreclosure proceeding. In that event, however, because this case has been pending for so long, it would attempt to set this for a trial on Zoom as soon as feasible.

The entry shall be:

Procedural order issued. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 26, 2021

_____
Thomas D. Warren
Justice, Superior Court

**Plaintiff-Santo Longo, Esq.**
**Defendants-Mark Kearns, Esq. and**
**Mark Randall, Esq.**

2

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-116

BANK OF NEW YORK MELLON,

    Plaintiff

v.

    ORDER

MICHAEL BUCK, et al.,

    Defendants

Before the court is plaintiff's motion to alter or amend the judgment or for a new trial.

Counsel for mortgage lenders have known at least since the Law Court issued its decision last February in *Deutsche Bank National Trust Co. v. Eddins*, 2018 ME 47, 182 A.3d 1241, that it was perilous to offer a notice of default issued by a law firm unless it had a witness who could lay a proper foundation for the admission of the law firm's notice of default as a business record.

It is not enough to establish that the law firm's notice of default was properly integrated into the mortgage lender or servicer's records. When a business integrates and relies upon the records of another business in that business's day-to-day operations, the presenting witness must have "sufficient knowledge of *both businesses'* regular practices to demonstrate the reliability and trustworthiness of the information." *Keybank N.A. v. Estate of Quint*, 2017 ME 237 ¶ 15,176 A.3d 717 (emphasis in original). In this case the Bayview servicing witness was aware that Bayview audited the law firm's practices but did not himself have personal knowledge of the law firm's practices in generating and mailing notices of defaults.

This does not mean that a law firm employee with knowledge of the firm's practices in generating and mailing notices of default has to testify in every case. It does require that the

**Plaintiff–Tristan Birkenmeier, Esq.**
**Defendants–Mark Randall, Esq. and**
**Mark Kearns, Esq.**

testifying witness, if not a law firm employee, have sufficient personal knowledge of the law firm's regular practices to supply the necessary foundation.

Evidence that counsel for the plaintiff anticipated the problem is demonstrated by his proposal to offer the notice of default with a certification pursuant to M.R.Evid. 902(11). A proper certification might be accepted unless opposing counsel can raise a legitimate objection to its use. In this case the court did not have to determine whether the certification was adequate because written notice of intent to offer the record in question with a certification was not provided to defendants' counsel prior to trial as required by M.R.Evid. 902(11).

The entry shall be:

Plaintiff's motion to alter or amend the judgment and in the alternative for a new trial is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 21, 2018

Thomas D. Warren
Justice, Superior Court

**Entered on the Docket:** 1/3/19.

2