MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 64
Docket:       Oxf-16-438
Argued:       March 3, 2017
Decided:      April 6, 2017

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

AMY L. CANNEY

v.

STRATHGLASS HOLDINGS, LLC

MEAD, J.

[¶1]  Amy L. Canney appeals from a summary judgment entered by the Superior Court (Oxford County, *Clifford J.*) in favor of Strathglass Holdings, LLC, on Canney's complaint asserting that Strathglass was liable for injuries sustained by her minor child, Nicholai, when he was bitten by a dog kept by Eric Burns, a neighbor who performed on-call maintenance work on properties owned by Strathglass.  Canney asserts that the court erred by determining as a matter of law that Burns was not acting within the scope of his employment at the time of the dog bite, and by granting summary judgment on the issue of Strathglass's direct liability.  We affirm the judgment.

## I. BACKGROUND

[¶2]    The summary judgment record establishes the following undisputed facts, which are viewed in the light most favorable to Canney, the nonprevailing party. *See Remmes v. Mark Travel Corp.*, 2015 ME 63, ¶ 3, 116 A.3d 466. Strathglass is a Maine limited liability company that owns eight residential rental units in Rumford. At all times relevant to this action, Strathglass rented a unit in a duplex to Canney, who lived there with her thirteen-year-old son Nicholai, and rented the adjacent unit to Eric Burns.

[¶3] Peter Evans is the sole member of Strathglass. Evans, who lived in Portland and was not always able to directly respond to emergencies or other problems arising at his rental properties, hired Burns to provide on-call maintenance and property management services. In that role, Burns performed tasks such as showing apartments to potential renters, reviewing rental applications and contacting references, delivering written leases to tenants, collecting rent and security deposits, performing repairs, purchasing repair materials, painting, cutting grass, cleaning, and performing inspections of rental units. Burns was given a key to access Strathglass's rental units for maintenance purposes.

[¶4]   Burns did not work from an external office; rather, Strathglass instructed tenants to contact Burns by knocking on the door of his home or calling him on the phone.  Burns did not have set hours of employment, but Strathglass hoped that he would address tenants' needs as they arose.  In return for his work, Burns was paid and was permitted to rent his unit using Section 8 vouchers.

[¶5]   On September 10, 2015, Burns's girlfriend's daughter invited Nicholai to use Burns's swimming pool.  The pool was behind Burns's unit in a private yard enclosed by a fence and gate.  Around this time, Burns was in his home fixing a piece of furniture.  While in Burns's yard, Nicholai saw Burns come out of the back door of his unit with his two-year-old male pit bull that he keeps at the unit.  Burns's pit bull approached Nicholai and glared at him, making him fearful that the dog might attack.  The dog first nipped and then bit down on Nicholai's leg.  The dog was not restrained prior to biting Nicholai.  Burns attempted to separate the dog from Nicholai after the attack.  Nicholai suffered serious injuries as a result of the bite.  Prior to this event, Burns's dog had not bitten anyone or done anything to suggest to Burns that it was likely to bite someone.  Strathglass's member, Evans, had been aware that Burns kept a

4

dog at his unit, but did not believe, and had no objective reason to believe, that Burns's dog was dangerous.

[¶6]   On June 22, 2015, Canney filed a five-count complaint in the Superior Court on behalf of Nicholai against Burns and Strathglass.   The complaint alleged that Burns possessed a dog with dangerous propensities; negligently failed to warn Nicholai about the dog; negligently failed to properly and reasonably secure the dog; and "was at all pertinent times the agent, servant or employee of [Strathglass] and was maintaining the property for the benefit of [Strathglass] and in the course of its business."

[¶7]   On January 25, 2016, Strathglass filed a motion for summary judgment, a supporting statement of material facts, and affidavits of Burns and Evans.   Canney opposed the motion.   *See* M.R. Civ. P. 56(h)(2).   The court granted Strathglass's motion for summary judgment on the grounds that no material facts were in dispute, the bite occurred in an area controlled by Burns, Burns was not acting within the scope of his employment at the time of the bite, and there was no evidence of the dog's vicious propensity.

[¶8]   Thereafter, Canney filed a motion for default judgment against Burns after he failed to appear at an alternative dispute resolution session.   The

court granted Canney's motion and, after a hearing on damages at which Burns did not appear, awarded Canney $75,000 plus interest and costs.

[¶9] Canney timely appealed from the court's entry of summary judgment in favor of Strathglass.[1] *See* 14 M.R.S. § 1851 (2016); M.R. App. P. 2.

## II. DISCUSSION

[¶10] "Summary judgment is appropriate when the parties' statements of material facts and the portions of the record referred to therein disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Spencer v. V.I.P., Inc.*, 2006 ME 120, ¶ 5, 910 A.2d 366; *see* M.R. Civ. P. 56(c). "We review the grant of a motion for summary judgment de novo and consider both the evidence and any reasonable inferences that the evidence produces in the light most favorable to the party against whom the summary judgment has been granted in order to determine if there is a genuine issue of material fact." *Levis v. Konitzky*, 2016 ME 167, ¶ 20, 151 A.3d 20 (quotation marks omitted). "We will affirm the grant of a summary judgment against a plaintiff who presents insufficient evidence to support an essential element in her cause of action, such that the defendant would be entitled to

---

[1] Canney first appealed from the entry of summary judgment prior to obtaining the default judgment against Burns, and we dismissed that appeal as interlocutory due to her unresolved claims against Burns.

6

judgment as a matter of law on that state of the evidence at a trial." *Bell v. Dawson*, 2013 ME 108, ¶ 16, 82 A.3d 827.

A.     Scope of Employment

[¶11]   Canney asserts that the court erred by resolving the issue of whether Burns acted within the scope of his employment because that issue is a question of fact properly reserved for the fact-finder.  We have long held that whether an employee is acting within the scope of employment may be a question of fact or law depending on the evidence presented in a particular case.  *See R. I. Mitchell, Inc. v. Belgrade Shoe Co.*, 152 Me. 100, 102, 125 A.2d 80 (1956); *Stevens v. Frost*, 140 Me. 1, 3, 32 A.2d 164 (1943).  Here, all material facts have been deemed admitted by both parties; neither suggests the existence of any other facts—disputed or otherwise—that need to be explored on the scope of employment issue.  Thus, the court did not err in determining, as a question of law, whether Burns was acting within the scope of his employment.

[¶12]   Next, we consider whether the court erred in concluding that Burns was not acting within the scope of his employment at the time of the dog bite.  The Restatement (Third) of Agency provides, in relevant part:

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course

of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

Restatement (Third) of Agency § 7.07(2) (Am. Law Inst. 2006); *see also Picher v. Roman Catholic Bishop of Portland*, 2009 ME 67, ¶ 32, 974 A.2d 286.

[¶13] Here, Burns was hired by Strathglass to provide on-call assistance for tenants' emergencies and maintenance requests. Part of his responsibility necessarily involved being reachable by tenants at his home or via his phone, and Strathglass hoped that Burns would respond to tenants' needs as they arose. However, the fact that Burns was on call at his home when Nicholai was injured does not, by itself, establish that Burns's acts or omissions were within the scope of his employment by Strathglass.[2] *See Clickner v. City of Lowell*, 663 N.E.2d 852, 855 (Mass. 1996) ("Most jurisdictions have ruled that the mere fact of being on call does not place employees within the scope of their employment.").

[¶14] Neither party disputes that Nicholai entered Burns's private yard for purposes completely unrelated to Burns's employment with Strathglass.

---

[2] We have held that injuries that occurred while an employee was "on call" were not necessarily within the course of employment for worker's compensation purposes. *See Westberry v. Town of Cape Elizabeth*, 492 A.2d 888, 890 (Me. 1985) ("The fact that [an employee] was on call twenty-four hours a day is not, without more, enough to bring him within the course of employment.").

8

There is no record evidence suggesting that, at the time of the dog bite, Burns was performing any work assigned by Strathglass or that Burns was engaged in any course of conduct over which Strathglass had control. To the contrary, the record indicates that Burns was in his home fixing a piece of furniture prior to the dog bite and that Nicholai entered the backyard of the property for purely recreational purposes.

[¶15]  Canney urges us to find this case similar to *Rodriguez v. Town of Moose River*, which involved a town clerk who, pursuant to an agreement with the Town, conducted official town business from her home. 2007 ME 68, ¶¶ 3, 4, 922 A.2d 484. When visiting the clerk's home to register two motor vehicles, Rodriguez fell down the building's front stairs, which had no handrail. *Id.* ¶¶ 7-9. We concluded that because the clerk "was required to open her home to the public as part of her duties . . . , her failure to replace the handrail on her stairs was an act within the scope of her employment" with the Town. *Id.* ¶ 26.

[¶16]  Here, unlike the plaintiff in *Rodriguez* who was visiting the clerk's home to conduct Town business, Nicholai entered Burns's property for purely recreational purposes unrelated to any business with Strathglass. Moreover, while Rodriguez entered the clerk's home to conduct business using its front

stairs, there is nothing in the record suggesting that Burns's gated and fenced backyard was an area where Burns's duties to Strathglass were undertaken; Canney admitted in her pleadings that Burns's yard was private and not shared with other tenants or the public.

[¶17]  In sum, it is clear based on the uncontroverted facts that neither Burns's acts or omissions nor Nicholai's presence on his premises were in any way related to Burns's employment or agency with Strathglass.  The court's finding that Strathglass was entitled to a grant of summary judgment on Canney's respondeat superior claims was proper.

B.      Direct Liability for Negligence

[¶18]  Canney asserts that even if Burns was acting outside the scope of his employment, Strathglass is directly liable on a negligence theory for damages it proximately caused as the owner of business premises.

[¶19] To survive a summary judgment on a direct liability theory, Canney must assert a prima facie case of negligence against Strathglass.  *See Stanton v. Univ. of Me. Sys.*, 2001 ME 96, ¶ 6, 773 A.2d 1045.  "A prima facie case of negligence requires a plaintiff to establish the following elements: a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty."  *Id.* ¶ 7.

[¶20]  Here, Canney asserts in her complaint that Strathglass is "licensed to do business in the State of Maine," and that Burns was acting as Strathglass's "agent, servant or employee . . . and was maintaining the property for the benefit of [Strathglass] and in the course of its business."  These allegations suggest only that Strathglass is subject to vicarious liability for Burns's acts or omissions.  Canney's complaint fails to allege a theory of direct liability against Strathglass, and she offers no evidence in the summary judgment record that would support a direct claim of negligence against Strathglass.  Accordingly, the court did not err when it granted summary judgment on all counts of Canney's complaint.

The entry is:

Judgment affirmed.

---

William C. Herbert, Esq. (orally), Hardy, Wolf & Downing, P.A., Lewiston, for appellant Amy L. Canney

James B. Haddow, Esq. (orally), Petruccelli, Martin & Haddow, LLP, Portland, for appellee Strathglass Holdings, LLC

Oxford County Superior Court docket number CV-2015-36
FOR CLERK REFERENCE ONLY