STATE OF MAINE
CUMBERLAND, ss.
SUPERIOR COURT
CIVIL ACTION
DOCKET NO:  CV-2020-47

| | | |
|---|---|---|
| JENEA N. EIDE, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| CUMBERLAND COUNTY, KEVIN J. JOYCE and BRADLEY P. ROGERS, | ) ) | ORDER |
| Defendants | ) | |

This case comes before the Court on Defendant, Bradley P. Rogers', Motion for Summary Judgment.  After consideration,[1] Defendant's Motion is granted.

## I. Factual Background

The Defendant Rogers is a Deputy with the Cumberland County Sheriff's Department and was working a vehicle patrol shift on July 22, 2018.  During that shift, dispatch requested that the Defendant respond to a report of a suicidal woman in Casco, Maine.  Dispatch informed the Defendant that a man was seen running after the woman yelling for help.  The Defendant initiated the flashing blue light bar on his marked patrol vehicle and began traveling south on Tandberg Trail in Windham.  The Defendant did not initiate his siren.

On this same date, the Plaintiff, Jenea Eide, was also in her vehicle traveling south on Tandberg Trail.  Upon approaching the Plaintiff's vehicle, the Defendant observed that the Plaintiff was stopped in her lane of traffic.  The Defendant thought that the Plaintiff had stopped in order to allow the Defendant to pass.  However, the Plaintiff was

---

[1] The court elects to decide the motion without oral argument.  *See* M. R. Civ. P. 7(b)(7).

stopped in the lane of traffic preparing to make a left-hand turn. The Defendant pulled into the northbound lane of Tandberg Trail in order to overtake the Plaintiff but collided with the Plaintiff's vehicle when the Plaintiff turned into the path of Defendant's cruiser. The Plaintiff was injured as a result of the accident.

The Plaintiff filed this suit against multiple defendants, including the Defendant Deputy in his individual capacity, alleging negligent operation of the police cruiser. The Defendant has now moved for summary judgment alleging that he is immune from individual civil liability. Specifically, the Defendant alleges that his response to the report of a suicidal woman is a discretionary function of his official duties as a Sherriff's Deputy and he is therefore entitled to discretionary function immunity under the Maine Tort Claims Act (MTCA). *See* 14 M.R.S. § 8111(1)(C).

## II. Legal Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). "A defendant who is the moving party has the initial burden to establish that there is no genuine dispute of fact and that the undisputed facts would entitle the defendant to judgement as a matter of law." *Oceanic Inn, Inc. v. Sloan's Cove, LLC*, 2016 ME 34, ¶25-¶26 (quotations marks and citations omitted.) "The nonmoving plaintiff must then demonstrate that the material facts are disputed and must make out a prima facie case for its claim." (*Id.*) "Summary judgment may be entered when a defendant is immune from tort liability." *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 12, 60 A.3d 759.

## III. Discussion

"[E]mployees of governmental entities shall be absolutely immune from personal civil liability for . . . performing or failing to perform any discretionary function or duty, whether or not the discretion is abused[.]" 14 M.R.S. 8111(C). The Law Court has explicitly recognized that although the legislature has "removed immunity from a governmental *entity* for an employee's negligent operation of [a] motor vehicle . . . the Legislature did not . . . limit discretionary function immunity for individual officers . . ." *Estate of Smith*, 2013 ME 13, ¶ 13, 60 A.3d 759.

Here, the Plaintiff alleges that because the MTCA does not provide immunity for governmental entities for injuries that result from the negligent operation of a motor vehicle, the Defendant likewise has no discretionary function immunity in his individual capacity. Specifically, the Plaintiff presents the Law Court's decision in *Norton v. Hall*, 2003 ME 118, 834 A.2d 928 and subsequent legislation passed in response. In *Norton*, the Law Court held that the MTCA provided Cumberland County and Cumberland County Sherriff's Department, as governmental entities, with discretionary function immunity for injuries that occurred during a high-speed police pursuit. *Norton*, 2003 ME 118, ¶ 20, 834 A.2d 928. In response, the Maine Legislature amended the Maine Tort Claims Act to eliminate discretionary function immunity for governmental entities when injuries result from the negligent operation of a motor vehicle. *See* 14 M.R.S. § 8104-B(3); L.D. 936, Summary (122d Legis. 2005).

The Plaintiff's arguments regarding individual immunity are misplaced. "If the statute's meaning is clear, [the court does] not look beyond its words unless the result is illogical or absurd." *Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 29, 922 A.2d 484 (quotation marks omitted). The section of the MTCA that applies to *individuals* (§ 8111) is unaffected by any amendment or language found in the sections of the MTCA that apply to governmental *entities*. *Compare* 14 M.R.S. § 8103-8704-B (articulating situations

where governmental *entities* are liable for damages); *with* 14 M.R.S. § 8111 (articulating situations where government *employees* are individually liable). The statute here is unambiguous in that it articulates specific instances in which government employees are "absolutely immune from personal civil liability[.]" 14 M.R.S. § 8111. Nothing in the statute provides an exemption to individual immunity in the context of vehicle negligence. Accordingly, the only issue before the court is whether the Defendant's response to the report of a suicidal woman is considered a discretionary function of his official duties under 14 M.R.S. § 8111(1)(C).

## A. Discretionary Function

"Defining the scope of an employee's discretionary function immunity begins with a determination of the employee's duties." *Hilderbrand v. Wash. County Comm'rs*, 2011 ME 132, ¶ 9, 33 A.3d 425. If a statute clearly indicates the duties of an employee, "the court construe[s] immunity in light of that statute. *Id*. However, if no statute clearly indicates an employee's duties, the court applies the following four factor test:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy program or objective; (2) is the questioned act, omission or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program or objective; (3) does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved; and (4) does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

*See Roberts v. State*, 1999 ME 89, ¶ 8, 731 A.2d 855. Although not defined by statue, the Law Court has held that "[t]he response to an emergency by a law enforcement officer serves the basic governmental objective of public safety" and the "decision to engage in a high-speed chase is a discretionary decision to which discretionary immunity applies."

*Norton*, 2003 ME 118, ¶ 7, 834 A.2d 928; *citing Shelby v. Cumberland County*, 2002 ME 80, ¶¶ 7, 10, 796 A.2d 678.[1] Indeed, the Law Court routinely finds that an act falls within an employee's discretionary function immunity if the act required the exercise of judgment or choice in furtherance of the employee's official duties. *See e.g. Lawson v. Willis*, 2019 ME 36, ¶ 8-13, 204 A.3d 133; *Hilderbrand v. Wash. County Comm'rs*, 2011 ME 132, ¶¶ 10-20; 33 A.3d 425; *Quintal v. City of Hallowell*, 2008 ME 155, ¶¶ 33-36, 956 A.2d 88.

Here, the Defendant's police cruiser collided with the Plaintiff's vehicle while the Defendant was on duty and actively responding to the report of a suicidal woman. Responding to the imminent threat of death or bodily injury is certainly within a law enforcement officer's official duties regarding public safety. Further, the decision of whether and how to respond to a public safety threat is also an exercise of professional judgment and falls well within the Defendant's expertise as a law enforcement officer. Accordingly, the Defendant's response to an emergency situation is a discretionary function of his law enforcement duties and he is therefore immune from personal civil liability from accidents that may arise during the exercise of that discretion as a matter of law. *See* 14 M.R.S. § 8111(1)(C).

The Plaintiff's arguments regarding the Law Court's decision in *Tolliver v. DOT* are also unavailing. 2008 ME 83, 948 A.2d 1223. In *Tolliver*, the Law Court differentiated between governmental acts that are discretionary versus those which are ministerial,[2] which are not afforded discretionary function immunity. *Tolliver*, 2008 ME 83, ¶¶ 16-28,

---

[1] Although *Norton* has been expressly overruled by statute in regard to immunity for governmental entities, the reasoning applied in *Norton* is still analogies in regards to whether an action is a discretionary function in furtherance of an officer's duty and ultimately, personal immunity. *See Estate of Smith*, 2013 ME 13, ¶ 13, 60 A.3d 759 (The Legislature did not amend [The MTCA] to limit discretionary function immunity for individual officers exercising discretion in deciding whether to pursue a fleeing vehicle").

[2] Defined as "those to be carried out by employees, by the order of others or of the law, with little personal discretion as to the circumstances in which the act is done." *Tolliver*, 2008 ME 83, ¶ 21, 948 A.2d 1223.

948 A.2d 1223. *Tolliver* does not alter the analysis of whether an act is a discretionary function of a governmental employee's duties, particularly in regards to whether an act is one which requires discretionary decision making in order to achieve a uniquely governmental objective. *Tolliver*, 2008 ME 83, ¶ 20, 948 A.2d 1223; *citing Roberts v. State*, 1999 ME 89, ¶ 10, 731, A.2d 855. Accordingly, *Tolliver* does not alter the principle that high-speed police responses to emergency situations are a discretionary function of a police officer's official duties.

### B. Necessary Party

The Plaintiff also argues that Judgment cannot be entered in favor of the Deputy Defendant here because the Defendant is an essential party to this lawsuit. Maine Rule of Civil Procedure 19 "requires joinder of all available persons who have an interest in the litigation so that any judgment will effectively and completely adjudicate the dispute." *Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275. "Joinder is required in circumstances where the absence of unnamed parties would prevent a judgment from fully adjudicating the underlying dispute, expose those who are already parties to multiple or inconsistent obligations, or prejudice the interests of absent parties[.]" *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 9, 968 A.2d 539. "Whether a party is necessary to the litigation therefore depends on what elements of proof must be established, based on the cause of action alleged in that particular litigation." *MTGLQ Investors, L.P. v. Alley*, 2017 ME 145, ¶ 5, 166 A.3d 1002. A necessary element of proof in a vicarious liability cause of action is proof that an employee was acting within the scope of his or her employment when an alleged accident occurred. *See Canney v. Strathglass Holdings, LLC.*, 2017 ME 64, ¶ 12, 159 A.3d 330.

Here, the Defendant is not a necessary party for the purposes of Rule 19. For one, Rule 19 does not alter the unambiguous language of the MTCA that grants governmental

employees with discretionary function immunity. *See* 14 M.R.S. § 8111(1)(C); *see also Estate of Smith*, 2013 ME 13, ¶ 12, 60 A.3d 759 ("Summary judgment may be entered when a defendant is immune from tort liability."). Accordingly, the Defendant here does not have an interest in the lawsuit that will not be fully adjudicated in his absence because judgment is being entered in his favor here. Moreover, there is nothing that prevents the Plaintiff from offering evidence that the Defendant was acting within the scope of his employment if the Defendant is dismissed as a *party* to this lawsuit. The Defendant may indeed be called upon to testify or otherwise offer such evidence. However, the Defendant is nonetheless entitled to judgment as a matter of law because there is no genuine issue of material fact regarding whether he is personally immune from liability under the MTCA.

## IV. Conclusion

Whether the Defendant is immune from personal civil liability is governed solely by 14 M.R.S. § 8111. Here, the Plaintiff's injuries occurred while the Defendant was carrying out a discretionary function of his official duties as a law enforcement officer and he is therefore immune from individual civil liability as a matter of law. *See* 14 M.R.S. § 8111(1)(C).

The entry is:

Defendant, Bradley P. Rogers', Motion for Summary Judgment is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: March 22nd, 2021

Thomas McKeon
Justice, Superior Court