STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-237

BARNET SKOLNIK, et al.,

       Plaintiffs

v.

GILBERT DOUGHTY, et al.,

       Defendants

ORDER

REC'D CUMB CLERKS OF
DEC 20 '21 PM3:01

Before the court are motions for summary judgment by defendants Woodfords Family Services and Choices Are For Everyone Inc.

## Legal Standard for Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Mahar v. StoneWood Transport,* 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services,* 1999 ME 158 ¶ 3, 740 A.2d 560.

In this case Barnet Skolnik and Patricia Krohn, as guardians of their son Zachary Krohn, are suing Gilbert Doughty, Woodfords Family Services (Woodfords), and Choices Are For Everyone Inc. (Choices). Doughty was employed as a Behavioral Health

Professional (BHP) working with Zachary, who is autistic. Behavioral Health Professionals assist autistic children in learning how to function in everyday activities.

Skolnik and Krohn specifically allege that Doughty engaged in inappropriate, dangerous, and predatory behavior in his relationship with Zachary, by, among other things, discussing inappropriate and salacious sexual topics with Zachary and exposing Zachary to explicit sexual images and pornography. Complaint ¶ 20.

Doughty was employed as a Behavioral Health Professional by Woodfords and later by Choices. Skolnik and Krohn's claims against Woodfords and Choices proceed from the theory that Doughty was acting at all relevant times as an agent of Woodfords and Choices and in the course and scope of his employment with Woodfords and Choices. Complaint ¶¶ 16, 19, 20. In their complaint plaintiffs have named Woodfords and Choices as defendants on Count I (negligence), Count II (negligent infliction of emotional distress), and Count IV (breach of fiduciary duty).

In their motions for summary judgment Woodfords and Choices argue that, based on the undisputed facts, Woodfords and Choices cannot be found vicariously liable for any of Doughty's alleged conduct.

The factual assertions set forth in the Rule 56(h)(1) statements of material facts (SMF) filed by Woodfords and Choices, in plaintiffs' Rule 56(h)(2) responses, and in plaintiffs' statements of additional material facts (SAMF) are virtually identical. Accordingly, the motions will be considered together.

Disputed and Undisputed Facts

There is no dispute that Doughty was a Behavioral Health Professional who worked with Zachary as an employee of Woodfords from April 2015 to July 2016 and continued working with Zachary as an employee of Choices from July 2016 to November 2016. Doughty had in fact been recruited by plaintiffs to serve in the capacity of Zachary's Behavioral Health Professional because Doughty had developed a relationship with

2

Zachary when Zachary had been a student at Mahoney Middle School, where Doughty had been an Ed Tech. Woodfords SMF ¶ 5, 7-10 (admitted); Choices SMF ¶¶ 3-4 (admitted).

As Zachary's Behavioral Health Professional, Doughty's role was to assist Zachary in improving his social skills, his interpersonal relationships, and his interactions with others. Woodfords SMF ¶ 20 (admitted); Choices SMF ¶ 16 (admitted). Doughty's employment involved regularly picking Zachary up, driving him to various locations, socializing with him, and conversing with him. Plaintiffs' SAMF ¶¶ 1-3 (admitted).

In response to plaintiffs' allegations that Doughty had discussed inappropriate and salacious sexual topics with Zachary and exposed him to explicit sexual images and pornography, Woodfords and Choices have asserted that such behavior, if it occurred,[1] was not permitted by either Woodfords or Choices. Plaintiffs do not dispute that that Doughty knew that looking at pornography with Zachary was not something permitted by his employment at Woodfords or Choices. Woodfords SMF ¶ 21; Choices SMF ¶ 26.[2] Plaintiffs do not dispute that Doughty was not employed to look at pornography with Zachary, to teach Zachary how to look up or delete pornography, or to discuss sexually explicit topics with Zachary. Choices SMF ¶ 24 (admitted).

Such conduct would have been particularly problematic if it occurred with Zachary because there had been at least one incident, prior to any involvement by Woodfords or Choices, in which Zachary had inappropriately attempted to touch a girl's genitals. *See* Woodfords SMF ¶ 4; Plaintiffs' Response to Woodfords SMF ¶ 4, and the deposition testimony of Ms. Krohn cited in those paragraphs.

In response to Choices's statement of material facts, plaintiffs do not dispute that the alleged conduct, if true, would have been repugnant to Choices, inconsistent with Choices's mission to help clients, and in direct conflict with the responsibilities of a

---

[1] Doughty has denied the alleged conduct.

[2] Plaintiffs qualified Woodfords SMF ¶ 21 and Choices SMF ¶ 26 but only to the extent that those paragraphs could be read to suggest that the alleged conduct by Doughty did not occur. *See* Plaintiffs' Response to Woodfords SMF ¶ 21 and Choices SMF ¶ 26.

Behavioral Health Professional. Choices SMF ¶ 30 (admitted). They do not dispute Choices's assertion that Behavioral Health Professionals are prohibited from viewing pornography with their clients or engaging discussions of the kind that Doughty is alleged to have engaged in with Zachary, including those related to planning or committing sexual assaults – conduct that could have the adverse consequence of teaching clients that such acts are normal or appropriate. Choices SMF ¶ 25 (admitted).

In addition, plaintiffs have not directly controverted the assertions by Woodfords and Choices that there was no employment-related reason for Doughty to have looked at pornography or to have discussed sexually explicit matters with Zachary. Woodfords SMF ¶ 22; Choices SMF ¶ 27. Instead, plaintiffs' response was to qualify those assertions, stating:

> Qualified. While looking at pornography or discussing sexually explicit matters was not supposed to occur, Doughty's employment as a BHP involved conversing with Zachary on any number of topics, making him comfortable in social situations and working on his social skills. Mr. Doughty had a fair amount of discretion in doing this.

Plaintiffs' Response to Woodfords SMF ¶ 22 and Choices SMF ¶ 27, citing to portions of Doughty's deposition.[3]

Plaintiffs' allegations against Doughty, if true, would have occurred within the normal time and space of Doughty's employment.


Scope of Employment

The general rule is that an employer may be held liable for the actions of an employee when the employee engages in tortious conduct within the course and scope of

---

[3] Plaintiffs responded similarly to Woodfords SMF ¶¶ 24 and 25.

4

his or her employment. In this case there is no dispute that the alleged conduct of Doughty, if it occurred, was in the course of his employment. The dispute between the parties concerns whether the alleged conduct by Doughty, if it occurred, would fall within the scope of his employment.

It bears emphasis that plaintiffs have not offered any evidence that Woodfords or Choices were negligent in hiring, training, or supervising Doughty or that they knew or were on notice that there was any possibility that Doughty would engage in the conduct alleged by plaintiffs. Plaintiffs rely solely on the theory that, as Doughty's employers, Woodfords and Choices are vicariously liable.

In 2003 the Law Court stated generally that Maine applied the Restatement (Second) of Agency to determine the limits of imposing vicarious liability on an employer. *Mahar v. StoneWood Transport,* 2003 ME 63 ¶ 13. The Restatement (Third) or Agency was published in 2006 and since then the Law Court has relied on the Third Restatement, while occasionally citing the Second Restatement as well. *See Picher v. Roman Catholic Bishop of Portland,* 2009 ME 67 ¶ 32, 974 A.2d 286; *Gniadek v. Camp Sunshine,* 2011 ME 11 ¶¶ 33-35, 11 A.3d 308; *Canney v. Strathglass Holdings LLC,* 2017 ME 64 ¶ 12, 159 A.3d 330.

Section 228(1) of the Restatement (Second) of Agency provides in pertinent part that conduct of an employee is within the scope of employment

> if, but only if:
>
> (a) it is the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and
> space limits; [and]

5

> (c) <u>it is actuated, at least in part, by a purpose to serve the [employer].</u>

(emphasis added). Section 228(2) provides that conduct by an employee is not within the scope of employment if it is different in kind from the conduct authorized, far beyond the authorized time and space limits, or "too little actuated" by a purpose to serve the employer. *See* § 235 (act is not within scope of employment if done with no intention to perform it as a part of or incident to the employment).

Section 7.07(2) of the Restatement (Third) of Agency provides:

> An employer acts within the scope of employment when performing work assigned by the employer or engaged in a course of conduct subject to the employer's control. An employer's act is <u>not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer</u>.

(emphasis added).

If plaintiffs' claims against Doughty were limited to his allegedly "predatory" behavior, Complaint ¶ 20, such as that listed in Choices SMF ¶ 25 (referring to alleged discussions with Zachary about "planning, attempting, or committing sexual assault"), Woodfords and Choices would be entitled to summary judgment. There is be no dispute that such behavior would not have been "actuated . . . by a purpose to serve the employer" and would have been behavior undertaken for the sole purpose of furthering the employee's own interest. Restatement (Second) of Agency § 228(1)(c); Restatement (Third) of Agency § 7.07 cmt. b. In fact, it appears that plaintiffs are primarily focused on what they perceive to be Doughty's allegedly predatory behavior.

However, at least two of the three causes of action on which plaintiffs seek to hold Woodfords and Choices vicariously liable are claims of negligence. The summary judgment

6

record does not foreclose the possibility that Doughty engaged in conduct that was not predatory but merely negligent – that, for example, he negligently blundered into discussions of pornography or other sexual topics with Zachary even though such topics were prohibited by his employers.

In this connection, it should not be forgotten that Doughty has denied all of plaintiffs' allegations – both predatory and otherwise – and at this stage what, if anything, occurred is unknown. Nevertheless, Doughty was assigned to assist Zachary in improving Zachary's social skills, his interpersonal relationships, and his interactions with others, which involved conversing with Zachary on various subjects. Woodfords SMF ¶ 20; Choices SMF ¶ 16; Plaintiffs' SAMF ¶ 2. There is evidence that he had some discretion in providing his services. Plaintiffs' SAMF ¶ 6. If Doughty – despite his denials – negligently discussed pornography and sexual topics with Zachary without intending to depart from an employment-related purpose, it would be possible that he could be found to have been acting in the scope of employment.

Construing the summary judgment record in the light most favorable to plaintiffs, therefore, there is a factual dispute for trial as to whether Doughty acted within the scope of his employment.


Apparent Authority

Plaintiffs also argue that regardless of whether or not Doughty was acting within the scope of his employment, Woodfords and Choices could be held liable because there is a factual issue for trial as to whether Doughty was acting with apparent authority. On this issue plaintiffs cite Restatement (Second) of Agency § 219(2)(d), which states that an

7

employer can be found liable for an employee's actions outside the scope of employment if the employee "was aided in accomplishing the tort by the existence of the agency relation."

The Law Court has twice pointedly noted that it has not "expressly approved" section 219(2)(d) of the Second Restatement. *Gniadek*, 2011 ME 11 ¶ 35; *Mahar*, 2003 ME 63 ¶ 20. Perhaps more importantly, Restatement (Third) of Agency does not include the "aided in accomplishing" language previously found in section 219(2)(d). The last paragraph of comment b to Restatement (Third) Section 7.08 demonstrates that this omission was deliberate.[4]

Liability based on apparent authority is addressed in Restatement (Third) Section 7.08. In considering an apparent authority claim and applying that section, the Law Court noted that section 7.08 applies to torts such as misrepresentation, defamation, tortious institution of legal proceedings, and conversion. It stated further that in the commission of those torts there must be "a close link" between an agent's tortious conduct and the agent's apparent authority before a principal can be held liable. *Gniadek*, 2011 ME 11 ¶ 34, citing Restatement Third § 7.08, cmts. a and b. This conclusion is buttressed by the statement in Restatement (Third) § 7.08 cmt b that

> An agent acts with apparent authority with regard to a third party when the third party reasonably believes that the agent

---

[4] That comment states:

> This Restatement does not include 'aided in accomplishing' [previously set forth in Restatement Second § 219(2)(d)] as a distinct basis for an employer's (or principal's) vicarious liability. The purposes likely intended to be met by the 'aided in accomplishing' basis are satisfied by a more fully elaborated treatment of apparent authority and by the duty of reasonable care that a principal owes to third parties with whom it interacts through employees and other agents. See § 7.05.

Section 7.05 relates to an employer's negligence in selecting, training, or supervising employees and to a duty of reasonable care that a principal may owe arising out of a special relationship.

8

or other actor has authority to act on behalf of the principal and that belief is traceable to manifestations made by the principal. . . .

Apparent-authority doctrine thus focuses on the reasonable expectations of third parties with whom an agent deals. This focus is inapposite to many instances of tort liability. However, apparent-authority doctrine is operative in explaining a principal's vicarious liability when a third party's reasonable belief in the agent's authority to speak or deal on behalf of a principal stems from a manifestation made by the principal and it is through statements or dealings that the agent acts tortiously.

The Law Court has narrowly construed apparent authority as a basis for holding employers vicariously liable. *See Gniadek,* 2011 ME 11 ¶¶ 33-36; *Mahar,* 2003 ME 63 ¶¶ 18-24.[5] There is no support in those decisions to find that apparent authority would apply in this case.

Plaintiffs have offered no evidence that would generate a disputed issue of fact as to whether there had been any manifestations by Woodfords or Choices that could have led Zachary or his parents to believe that Doughty had authority to discuss pornography or sexually explicit matters with Zachary. Accordingly, the court would grant the motions for summary judgment to the extent that plaintiffs' claims are based on an apparent authority.

Nevertheless, for the reasons stated above, the court cannot find on this record that it is undisputed that alleged conduct by Doughty – assuming that some non-predatory

---

[5] Plaintiffs cite *Costos v. Coconut Island Corp.,* 137 F.3d 46 (1st Cir. 1998), in support of their apparent authority argument. However, *Costos* relies on the language in former section 219(2)(d) that has been dropped in the Third Restatement. In addition, the Law Court has implicitly declined to follow the *Costos* decision, noting that it has been the subject of criticism and explaining the basis of that criticism. *Mahar,* 2003 ME 63 ¶¶ 22-23 & n.6.

9

conduct were proven – happened outside of the scope of his employment and will therefore deny the motions for summary judgment.[6]

The entry shall be:

The motions for summary judgment by defendants Woodfords Family Services and Choices Are For Everyone Inc. are denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 17, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 12/20/21.

Plaintiffs–Lee Bals, Esq.
Def Doughty–Timothy Bryant, Esq.
Def Woodfords Fam Svcs–Michael Martin, Esq.
Def Choices Are For Everyone–Joshua Hadiaris, Esq.

---

[6] Woodfords and Choices have argued that plaintiffs' complaint should be dismissed as against them in its entirety and have not raised any separate arguments with respect to plaintiffs' individual claims against them, such as Plaintiff's claim based on breach of fiduciary duty or their claim for punitive damages.

10

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-237

BARNET SKOLNIK, et al.,

    Plaintiffs

v.                                                    ORDER


GILBERT DOUGHTY, et al.,

                                                      REC'D CUMB CLERKS OF
    Defendants                                        DEC 20 '21 PM3:00

In connection with its motion for summary judgment, defendant Choices Are For Everyone Inc. has filed a motion to seal exhibits A-E to the affidavit of Jessica Crouse because those exhibits are from Gilbert Doughty's personnel file. The motion is unopposed.

Ordinarily the court does not favor sealing documents that are part of the basis of a motion for summary judgment because court proceedings are presumptively public and because the court should not be making decisions on a secret or partially secret record. In this instance, however, plaintiffs have not disputed any of the factual assertions based on documents in the personnel file that are contained in the Rule 56(h)(2) statement filed by Choices Are For Everyone. That Rule 56(h)(2) statement is a matter of public record and therefore all of the information (absent the underlying documents) is in the public record.

For this reason, the court will grant the motion to seal. This order shall remain in effect pending further order of the court. At a minimum it appears to the court that if this case goes to trial, the documents might end up getting unsealed in order to be offered in evidence, but that issue can wait.


The entry shall be:

The motion by defendant Choices Are For Everyone Inc. to seal exhibits A-E to the affidavit of Jessica Crouse is granted pending further order of the court. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 17, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 12/20/21

Plaintiffs-Lee Bals, Esq.
Def Doughty-Timothy Bryant, Esq.
Def Woodfords Fam Svcs-Michael Martin, Esq.
Def Choices Are For Everyone-Joshua Hadiaris, Esq.

2