STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-97


TINA MARIE LEGEE,

Plaintiff

v.

C.L.H. & SON, INC,

Defendant

ORDER ON MOTION FOR
SUMMARY JUDGMENT


Before the court is Defendant C.L.H. & Son's motion for summary judgment on Plaintiff

Tina Marie Legee's complaint. For the following reasons, the motion is granted.

I. Facts

The following facts are not in dispute:[1]

This case arises out of Plaintiff's December 17, 2018, fall at the Kmart in Auburn, Maine.

(SMF ¶ 1) The Defendant contracted with Kmart to provide ice and snow removal services at that

location. (SMF ¶ 2) At the time of her fall, the plaintiff had gone to Kmart to Christmas shop.

(SMF ¶ 3) She arrived at Kmart at approximately 8:15-8:30 a.m. (SMF ¶ 4)

Plaintiff had come to Kmart from her job. When she arrived at work at around midnight or 1

a.m. on December 17, 2018, there was freezing rain/snow mix falling. (SMF ¶ 5) Plaintiff had to

brush off her car when she got out of work. (SMF ¶6) On the Plaintiff's drive to Kmart, the roads

were "kind of slushy, but not bad." (SMF ¶ 7) When Plaintiff parked at Kmart, she noted that there

---

[1] In fact, Plaintiff admitted all 16 of the material facts set forth by Defendant.

1

was a plow truck going by in the parking lot. (SMF ¶ 8) It appeared that the plow truck had just gone through the area in which Plaintiff had parked. (SMF ¶ 9) According to the Plaintiff, the truck was pushing slush and snow. (SMF ¶ 10)

The Plaintiff took one step out of her car and fell. (SMF ¶ 11) The area "looked like all ice" to the Plaintiff. (SMF ¶ 12) The Plaintiff did not trip on a pile of snow, nor did she slip on snow that had not been plowed. (SMF ¶ 13) According to Plaintiff's testimony, she fell because "it was all ice" and from her perception, the plow truck that was plowing was making it slippery because it was not spreading sand after plowing. (SMF ¶ 14) At deposition testimony, Plaintiff described the conditions as "There was no slush; it was glare ice."; "There was no slush; I did not get wet; there was no snow, nothing. It was glare-ice"; and " there was no pavement. It was -it was glare ice when I took that one step out". (SMF ¶ 15)

Plaintiff's complaint alleges one count of negligence against the Defendant. (SMF ¶ 16). In her complaint, Plaintiff alleges "Defendant failed to properly maintain the premises at the Kmart causing Plaintiff to slip on hazardous and unmitigated icy conditions, and that Defendant breached the duty owed when it did not mitigate hazardous ice and snow conditions in their client's parking lot. (Complaint, ¶ 4 and 8)

## II. Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CityMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

A plaintiff's negligence claim "must establish a prima facie case for each element of the cause of action." *Murdock v. Thorne*, 2017 ME 136, ¶ 11, 166 A.3d 119 (quotation marks omitted). To establish a prima facie claim for negligence the plaintiff must show "a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." *Canney v. Strathglass Holdings, LLC*, 2017 ME 64, ¶ 19, 159 A.3d 330 (quotation marks omitted).

In *Davis v. R C & Sons Paving, Inc.*, the Law Court held that "a non-possessor of land who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." 2011 ME 88, ¶ 19, 26 A.3d 787 (quotation marks omitted). In its consideration of whether a non-possessor of land who was contracted to remove snow from a parking lot owed a duty to a patron who fell in the parking lot, the Law Court stated:

> Although it is clear that a non-possessor who negligently creates a dangerous hazard may be liable for reasonably foreseeable harms, in cases involving injuries sustained as a result of the annual risks posed by winter weather, it is particularly important to consider whether the dangerous hazard was created by the non-possessor's actions or by the natural accumulation of snow or ice. In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors to fully protect against hazards created by snow and ice is simply impracticable.
>
> Here, the precipitating cause of the hazardous conditions in the parking lot was weather. By plowing snow in the parking lot, R C & Sons did not create the layer of ice that remained beneath the snow.

(citing *Alexander v. Mitchell,* 2007 ME 108, ¶ 30 n. 13 (stating that the plowing contractor "did not create the dangerous situation" on the road, given that "the danger was created by the natural accumulation of ice and snow") and *Espinal v. Melville Snow Contrs., Inc.,* 98 N.Y.2d 136, 142, 773 N.E.2d 485, 489 (N.Y. 2002) (holding that " by merely plowing the snow, [a contractor] cannot be said to have created or exacerbated a dangerous condition")).

*Id.* ¶¶ 21-22 (quotation marks omitted).

III. Discussion

*Davis v. R C & Sons Paving, Inc* is essentially on point with the facts of this case. In *Davis* the Plaintiff fell and was injured in the hospital parking lot being plowed by the Defendant, while Defendant was still plowing the lot but had not yet sanded it. *Davis,* ¶ 3. The Plaintiff in *Davis* contended a duty of care arose because R C & Sons negligently created "the dangerous condition of untreated ice, covered by a thin skim of obscuring snow" by failing to treat the ice after plowing the area. *Davis,* ¶ 18. In this case, the Plaintiff parked in an area the plow truck had just gone through, and according to her the truck was pushing slush and snow. She fell when she took one step out of her car, and she described the area as glare ice, and not wet slush or snow. Plaintiff's criticism of the defendant is her perception the plow truck plowing the lot was making it slippery because it was not spreading sand. This is precisely the set of conditions that *Davis* addresses. The Defendant was a non-possessor of the land where Plaintiff fell. There is no evidence the Defendant created the ice that caused the Plaintiff to fall. And there is no evidence that by plowing snow and slush off from the parking area that the Defendant caused or exacerbated the icy conditions that led to Plaintiff's fall. The undisputed facts indicate the Plaintiff fell because of ice. And although the facts do not indicate what caused the ice, there are no facts that in anyway suggest or indicate the Defendant caused the ice or slippery conditions, or exacerbated the conditions.

In her opposition to the motion, Plaintiff relies on the dissenting opinion in *Davis*, and also suggests *Davis* be overturned. This argument seems to run afoul of the doctrine of *stare decisis*. The doctrine of *stare decisis* is the historic policy of our courts to stand by precedent and not disturb a settled point of law. *McGarvey v. Whittredge*, 2011 ME 97, ¶ 63. Even with a certain "unease" with the analysis of a prior decision, the Courts will not overrule the decision without a compelling and sound justification. *Id.* The Courts proceed with great care before overruling a prior decision, and do so only after careful analysis and based on a compelling reason. *Alexandre v. State*, 2007 ME 106, ¶35. There is no hint that *Davis* is ripe to be overturned.

Finally, in her opposition to the motion Plaintiff asks that she be allowed to complete discovery, stating-

> "Plaintiff should be allowed to develop the record as to what steps Defendant took in response to the storm and whether its actions created a dangerous condition. It is Plaintiff's contention that Defendant created the hazardous condition and not that the hazard was only created by the accumulation of ice and snow and Plaintiff should be allowed to develop the record so as to adequately present that argument."
> (Plaintiff's Objection and Response, p. 2)

First of all, the court notes that Plaintiff's complaint would likely not have survived a Rule 12(b)(6) motion to dismiss based on *Davis*. Plaintiff alleged in her complaint that the Defendant "..failed to properly maintain the premises.." and "..did not mitigate hazardous ice and snow conditions.." (See Complaint, ¶¶4, 7 and 8). Based on *Davis*, to survive a Rule 12(b)(6) motion Plaintiff would have to have plead that Defendant's conduct in some way caused the conditions, not that it failed to mitigate the conditions or properly maintain the premises.

Secondly, Plaintiff points to no facts that even hint that Defendant caused the ice. Plaintiff admitted every material fact that Defendant averred in its motion. Those facts included " she fell because 'it was all ice' and from her perception, the plow truck that was plowing was making it

slippery because it was not spreading sand after plowing." (SMF ¶ 14) A failure to sand may be a mitigation failure as Plaintiff alleged in her complaint, but these facts do not indicate Defendant caused the ice that remained after plowing.

Lastly, Plaintiff's request for discovery to develop a record does not comport with Maine Rule of Civil Procedure 56. As stated, Plaintiff has admitted all averments of material facts made by the Defendant to support its motion. Plaintiff did not file an opposing statement of material facts or an opposing affidavit as contemplated by paragraphs (c), (e) and (h) of Rule 56. Paragraph (f) of Rule 56 states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions be taken or discovery to be had or make such other order as is just.

Plaintiff has neither filed an affidavit in opposition nor stated reasons why she cannot present an affidavit essential to her opposition. Accordingly, her request for discovery is denied.

Plaintiff fell on ice and injured herself on land defendant did not possess. And Defendant did not create the ice that caused her to fall. Per *Davis,* on these undisputed facts, no duty is owed. There being no genuine issue as to any material fact, Defendant is entitled to judgment as a matter of law.

The entry is:

Defendant C.L.H.& Son, Inc.'s Motion for Summary Judgment is GRANTED.

Date: _____, 2022

_____
Harold Stewart, II
Justice, Superior Court

6